935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kathleen LUEDERS, Plaintiff/Appellant,
v.
ST. FRANCIS BANK, FSB, Defendant/Appellee.
 No. 90-2943.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1991.*
Decided June 10, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judge.
 
 ORDER
 
 1
 Kathleen Lueders brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e, et seq. against St. Francis Bank, FSB ("St. Francis"). Lueders included pendent claims under state law. We affirm the district court's grant of summary judgment for the defendant on Lueders' retaliation claim and dismiss the rest of her claims for failure to comply with Rule 28(a)(4) of the Federal Rules of Appellate Procedure.
 
 Background
 
 2
 The following facts are not contested. St. Francis hired Lueders in 1978 as an accounting clerk. In 1983, Lueders attained the position of Accounting Department Controller. During the Summer of 1988, Lueders met with St. Francis' Executive Vice President, Thomas Perz ("Perz"), to complain about several allegedly demeaning and sexist remarks made by the head of the accounting department, Calvin Walters ("Walters").[1] St. Francis discharged Lueders in 1989. St. Francis told Lueders that because a second level of supervision in the accounting department was unnecessary, they eliminated her position as part of a cost cutting program. Lueders filed a complaint in the Milwaukee County Circuit Court against the defendants alleging violations of 42 U.S.C. Sec. 2000e, et seq. and state law. After removal to federal court, the district court granted summary judgment for the defendants.
 
 Analysis
 
 3
 Lueders alleges that St Francis terminated her position in retaliation for her complaints that Walters made sexually harassing remarks about other female employees. The district court granted summary judgment for the defendant on the ground that Lueders failed to establish a prima facie case of retaliatory discharge and in the alternative, that she failed to demonstrate that the defendant's motivation for termination was a pretext for retaliation. See Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1313 (7th Cir.1989). Lueders' appellate brief barely raises the issue of whether she established a prima facie case. Only one paragraph, in which the elements of a prima facie case are merely recited, is devoted to the prima facie case issue. This court will not formulate appellant's argument. See Smith v. Town of Eaton, Inc., 910 F.2D 1469, 1471 (7th Cir.1990), cert. denied, 59 U.S.L.W. 3701 (U.S. Apr. 15, 1991) (No. 90-1348). Lueders' brief does present some argument, albeit insufficient, that St. Francis' reason for her termination was a pretext; thus, we proceed immediately to the question of whether the district court erred in finding that Lueders failed to establish pretext.
 
 
 4
 The defendant asserts that Lueders was terminated because her position was no longer necessary. The only evidence Lueders presents to rebut this contention is that Perz promised her that her job was secure and that Walters would be disciplined. Even when viewing the evidence in the light most favorable to Leuders, this evidence fails to demonstrate pretext. Compare Holland, 883 F.2d at 1316 (plaintiff presented evidence from which a reasonable fact-finder could infer that defendants' proffered reason for dismissal was a pretext for retaliation). Lueders' bare assertions that the "elimination of an ongoing position in a business that continued unabated is suspicious on its face" and that pretext can be inferred from the "surrounding circumstances" and deposition testimony of St. Francis' employees, also fail to persuade us that the district court erred. Lueders' brief does not direct this court's attention to any deposition testimony or surrounding circumstances that even arguably raise an inference of pretext. Moreover, Lueders presented no evidence concerning how or by whom her former responsibilities are being performed. Thus, the district court did not err in granting summary judgment.
 
 
 5
 The remainder of Lueders' appeal must be dismissed for failure to comply with Rule 28(a)(4) of the Federal Rules of Appellate Procedure which requires that an appellant's brief "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied upon." Lueders' brief contains only one sentence pertaining to her claim that St. Francis fired her because of her sex in violation of Title VII. This is hardly sufficient to comply with Rule 28(a)(4). Lueders' counsel can not raise an issue for our review merely by making a passing reference to it, rather it must be presented to this court in a professional matter. John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 111 S.Ct. 69 (1990). We "cannot be called upon to supply the legal research and organization to flesh out a party's arguments." Smith, 910 F.2d at 1471. This is especially true when the appellant is represented by counsel, as in this case. John, 897 F.2d at 1393.
 
 
 6
 Additionally, Lueders' brief contains only one sentence challenging the district court's grant of summary judgment for the defendant on Lueders' wrongful termination, breach of contract, and promissory estoppel claims. Lueders contends that the district court erred in ruling on her pendent state claims by "selectively choosing from the affidavits of the defendant, ignoring the plaintiff's submissions and reading the evidence selected in the light least favorable to the plaintiff." This statement does not tell this court which affidavits the district court relied upon or which of her submissions it selectively ignored. Moreover, Lueders' brief contains no argument or case citations regarding the state claims. Review of these claims would require this court to comb the record. This we will not do. Smith, 910 F.2d at 1471. Likewise, the one line in Lueders' brief that the district court struck the probable cause findings of the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations from the record without "legal basis" and that this action "demonstrated the disinclination of the trial court to consider the fair inferences of the evidence in the light most favorable to the plaintiff" (Br. 6) is insufficient to raise the issue of whether the court erred in striking the Division's findings.[2]
 
 Conclusion
 
 7
 Thus, we affirm the district court's grant of summary judgment for the defendants on Lueders' retaliatory discharge claim and dismiss Lueders' remaining claims.
 
 
 8
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Sometime before this meeting, Lueders complained to Perz about Walters' lack of involvement in the accounting department and some "demeaning comments" he allegedly made about some employees
 
 
 [2]
 The district court also granted a number of other motions to strike made by the defendant, which Lueders does not challenge on appeal